83,113-02

Roger Dale Dean
TDCJ No. 01068114; Mark W. Michael Unit
2664 FM 2054, Tennessee Colony, Texas 75886-5000

July 15, 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 23 2015

Abel Acosta, Clerk

Abel Acosta, Clerk
Court of Criminal Appeals of Texas
Post Office Box 12308
Capitol Station
Austin, Texas 78711

     RE: Ex parte Roger Dale Dean
         Case No. WR-83,113-02
         Trial Court No. 0852518-A
         183rd Judicial District Court

Dear Hon. Clerk:

    Enclosed for filing with the Court of Criminal Appeals of Texas is **Applicant's Reply to State's Original Answer.** Please file said document and bring it to the attention of the Court.

    Please note that this document is being sent directly to the Court because the trial court was ordered by the Court to forward the record. A copy of this reply has been served on the Harris County District Attorney and mailed to the trial court clerk.

    As always, thank you for your assistance in this matter.

Sincerely,

ROGER DALE DEAN
APPLICANT


Cc: File

    Chris Daniel
    Harris County District Clerk
    P.O. Box 4651
    Houston, Texas 77210-4651

    Famaz Faiaz
    Assistant District Attorney
    Harris County District Attorney's Office
    1201 Franklin Street
    Houston, Texas 77002

NO. WR-83,113-02

TRIAL COURT NO. 0852518-A

IN THE
COURT OF CRIMINAL APPEALS OF TEXAS

---

EX PARTE ROGER DALE DEAN,
Applicant

---

On Application for a Writ of Habeas Corpus
No. 0852518-A in the 183rd District Court
Harris County, Texas

---

APPLICANT'S REPLY TO
STATE'S ORIGINAL ANSWER

---

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Applicant, ROGER DALE DEAN, by way of Applicant's Reply to State's Original Answer, replies as follows:

I.

Applicant agrees that he is in custody as stated by the State. Applicant further agrees that the procedural history is as stated by the State.

II.

Applicant acknowledges the State's denial, but assures the Court that the facts of his claims are true. With the ability to conduct discovery and in a live evidentiary hearing, Applicant can develop the facts to support his claims. Absent either one, Applicant would be denied fair process. See **Martinez v. Ryan**,

1

132 S.Ct. 1309 (2012); see also **Trevino v. Thaler**, 569 U.S. 1611 (2013) (the recognized exception in **Martinez** applies to Texas because of State's procedural framework).

Applicant acknowledges the State's position that the doctrine of laches can bar habeas relief. However, Applicant submits to the Court that the State's reliance on laches should be rejected because (1) Applicant has not been appointed counsel in which to present his ineffective assistance of counsel claims for initial-review; (2) the State has not shown the Court how it would be materially prejudiced as a result of the delay; and (3) with the appointment of habeas counsel, Applicant will likely prevail on the merits.

In its answer, the State makes a bare assertion that it is unlikely the State would be able to locate all of its material witnesses in the event of a retrial. The State does not show that it has tried to locate any witnesses or that any witnesses are unavailable.

Applicant's trial counsel has submitted an affidavit and responded as ordered by the trial court. The State's assumption concerning Applicant's trial counsel fails.

Applicant agrees with the State that further factual investigation is necessary to determine the merit of the instant claims. Applicant suggests that he be appointed habeas counsel, that he be permitted to conduct discovery and that an evidentiary hearing be held in order to afford Applicant a full and fair opportunity to develop the facts.

2

## REPLY TO THE APPLICANT'S FIRST, SECOND, AND FOURTH GROUNDS FOR RELIEF

The State claims that the instant claims are record claims which should have been raised on direct appeal and that said grounds for relief should be denied. However, with a full and fair opportunity to develop the facts of these claims, by being appointed habeas counsel, being permitted to conduct discovery and being granted a live evidentiary hearing, evidence would likely exist outside the appellate record. It is only because Applicant has been denied fair process that the record has not been expanded.

Applicant moves the Court to afford him fair process, at which time he would be capable of developing the facts to support his grounds for relief.

## REPLY TO THE APPLICANT'S THIRD, FIFTH, AND SIXTH GROUNDS FOR RELIEF

Admitted that the standard of review established in **Strickland v. Washington**, 466 U.S. 668 (1984) controls the disposition of these claims. However, Applicant contends that the assistance of his trial counsel was ineffective and prejudice resulted.

### Failure to Strike Venire Members

Applicant continues to assert that venire member Katherine Ellen Stinson was bias because she had been a victim of robbery, in which her friends were shot execution style. Any attempt by the State and Applicant's trial counsel to downplay this fact is unreasonable.

Concerning venire member Rose Marie Andrews, the State relies on a statement made prior to Ms. Andrews seeing Applicant writing down her son-in-law's name, who was an undercover narcotids officer.

3

At that point, Ms. Andrwews became extremely upset. Knowing that Applicant had wrote down her son-in-law's name, Ms. Andrews was bias from that point on. She would then base her decisions on protecting her son-in-law, not on the evidence presented in the case.

## Failure to Investigate Medical Examiner

In its answer, the State once again attempts to discredit the facts presented by Applicant. While Applicant admits to including evidence of Dr. Paul Wayne Shrode's lack of credentials that occurred after Applicant's trial, Applicant only included this evidence in order to further support the facts that Dr. Shrode was unqualified, in violation of Harris County's policy, misrepresented himself, and gave misleading testimony in an Ohio murder case. Each of these facts existed prior to Applicant's trial, which should have been investigated and discovered by Applicant's trial counsel.

In his affidavit, trial counsel Danny K. Easterling claims to have did a "thorough investigation of the autopsy report and the autopsy photos" prepared by Dr. Shrode. He does not claim to have investigated Dr. Shrode and his qualifications, which is what was claimed by Applicant in his application. Mr. Easterling further claims that "the cause of death was not in dispute." While this is true, the manner in which the deceased was shot was in dispute. It was Dr. Shrode's misleading testimony that discredited Applicant's theory that there was a struggle over the gun, although the deceased had powder burns on top of his hand.

Here, the State does not address Applicant's claim head-on. Instead, the State tries to focus the Court's attention on the evidence that occurred after Applicant's trial. Applicant asserts

4

that the facts of this claim are still controverted and unresolved. Therefore, Applicant requests that he be provided a full and fair opportunity to develop the facts in a live evidentairy hearing.

## Concession of the Element of Intent

Applicant acknowledges the State's argument that trial counsel made some statements regarding the intent that favor the State's position. However, the State cannot justify trial counsel's comments made after the statements relied on by the State:

> **Mr. Easterling:** There is going to be some evidence-and **we will concede this**-that suggest that maybe it was an intentional killing, that possibly it was an intentional killing, or even probably that it was an intentional killing.

(RR17:38).

Clearly trial counsel conceded intent. In fact, it was his very words: **"we will concede this."** There is no way to get around counsel's ineffectiveness.

Rather than pointing the Courts in the direction of other comments concerning intent, the State should try to justify why trial counsel **"concede[d] this."**

Perhaps this is why the State failed to include this issue in the State's Proposed Order for Filing Affidavit. Mr. Easterling has not addressed this issue, although it was raised as ineffective assistance.

For the foregoing reasons, Applicant once again suggests that a live evidentiáry hearing would assist the Court in resolving the controverted facts.

5

In short, Applicant believes that for the foregoing reasons, controverted issues still exist that are material to the legality of his confinement. He asks the Court to schedule a live evidentiary hearing at its earliest convenience in order to permit him a full and fair opportunity to develop the facts.

Dated July 15, 2015.

Respectfully submitted,

ROGER DALE DEAN
APPLICANT
TDCJ No. 01068114
Mark W. Michael Unit
2664 FM 2054
Tennessee Colony, TX 75886

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing reply has been served by placing same in the United States Mail, postage prepaid, on this 15th day of July, 2015, addressed to:

Farnaz Faiaz
Assistant District Attorney
Harris County District Attorney's Office
1201 Franklin Street
Houston, Texas 77002

ROGER DALE DEAN
APPLICANT

6